IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
SPARTANBURG DIVISION

| | |
|---|---|
| Robert S. Brown, | C/A No. 7:11-1111-TMC |
| Plaintiff, | |
| | **OPINION AND ORDER** |
| v. | |
| South Carolina School for the Deaf and Blind; Ms. Cindy Gass, Human Resource Manager; and Ms Renee Poole, CID Office, | |
| Defendant. | |

Pro se Plaintiff Robert S. Brown, ("Plaintiff"), proceeding in forma pauperis under 28 U.S.C. § 1915 brings this case alleging employment discrimination against Defendants pursuant to the American with Disabilities Act of 1990, 42 U.S.C. § 12101, et seq. ("ADA"). This matter is before the Court after the issuance of a Report and Recommendation ("Report") of United States Magistrate Judge Bristow Marchant filed July 12, 2011. (Dkt. # 19).[1] In the Report, the Magistrate Judge recommends that the Complaint be dismissed without prejudice and without issuance and service of process for failure to exhaust administrative remedies. The Magistrate Judge provided the parties a notice setting forth the deadline for filing objections and the consequences for failing to submit timely objections. (Dkt. # 19 at 5). On July 20, 2011, Plaintiff filed objections to the Report. (Dkt. # 22).

---

[1] In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02, D.S.C., this matter was referred to a United States Magistrate Judge for pretrial handling.

In conducting this review, the Court applies the following standard:

> The magistrate judge makes only a recommendation to the Court, to which any party may file written objections. . . The Court is not bound by the recommendation of the magistrate judge but, instead, retains responsibility for the final determination. The Court is required to make a de novo determination of those portions of the report or specified findings or recommendation as to which an objection is made. However, the Court is not required to review, under a de novo or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the Report and Recommendation to which no objections are addressed. While the level of scrutiny entailed by the Court's review of the Report thus depends on whether or not objections have been filed, in either case, the Court is free, after review, to accept, reject, or modify any of the magistrate judge's findings or recommendations.

*Wallace v. Housing Auth. of the City of Columbia*, 791 F. Supp. 137, 138 (D.S.C. 1992) (citations omitted). This court need not conduct a de novo review when a party "makes general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir.1982). In light of these standards, the Court has reviewed, de novo, the R&R and the objections.

In his Complaint, pursuant to the ADA, Plaintiff alleges employment discrimination due to a disability pursuant to the ADA. Claims brought under the ADA must be administratively exhausted in the same manner as those claims brought under Title VII prior to filing an action in federal court. *See* 42 U.S.C. § 12117(a); *see also Davis v. Va. Commonwealth Univ.*, 180 F.3d 626, 628 n. 3 (4th Cir.1999) ("Before bringing a civil suit for an ADA violation, the aggrieved party must file a charge with the [Equal Employment Opportunity Commission ("EEOC")]. . . . Upon [receipt of] a right to sue letter, the aggrieved party [then] has 90 days to file suit." (internal citations omitted)). In the instant Complaint, Plaintiff did not allege that he had received a right-to-sue letter

from the EEOC.  Further, in his answers to the Court's Special Interrogatories, Plaintiff indicated that he had received a right-to-sue letter.  (Dkt. # 14).  However, the letter he attached is not a right-to-sue letter.  (Dkt. # 14 Attach # 1).  The attached letter from the EEOC dated March 17, 2011, merely acknowledges receipt of a charge of employment discrimination. *Id*.  Relying on the record before him, the Magistrate Judge appropriately recommended that the Complaint be dismissed based upon Plaintiff's failure to exhaust.  It is clear that Plaintiff did not include with his Complaint or response to the Court's Special Interrogatories a copy of the right-to-sue letter. However, when Plaintiff filed objections to the Report, he attached a copy of a right-to-sue letter.

As Plaintiff has now attached a copy of a right-to-sue letter, he has sufficiently demonstrated he has satisfied the procedural prerequisites for filing suit under the ADA.  Accordingly, after a thorough review of the Report and the record in this case, the Court declines to adopt the Magistrate Judge's Report.  The case is remanded to the Magistrate Judge for further proceedings consistent with this Order.

IT IS SO ORDERED.

s/Timothy M. Cain
United States District Judge

October 26, 2011
Greenville, South Carolina

### NOTICE OF RIGHT TO APPEAL

The parties are hereby notified of the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.