IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
SPARTANBURG DIVISION

| | | |
|---|---|---|
| Robert S. Brown, | ) | |
| | ) | Civil Action No. 7:11-cv-01111-TMC-JDA |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **REPORT AND RECOMMENDATION** |
| | ) | **OF MAGISTRATE JUDGE** |
| South Carolina School for the Deaf and Blind; Ms. Cindy Gass, Human Resource Manager; and Ms. Renee Poole, CID Office, | ) ) ) ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

This matter is before the Court on Defendants' motion to dismiss pursuant to Rules 12(b)(1), 12(b)(2), and 12(b)(6) of the Federal Rules of Civil Procedure. [Doc. 41.] Plaintiff, who is proceeding pro se, alleges a disability discrimination claim pursuant to the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12101, *et seq.*, and a state law claim for wrongful termination.[1] Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(A), and Local Rule 73.02(B)(2)(g), D.S.C., all pretrial matters in employment discrimination cases are referred to a United States Magistrate Judge for consideration.

## BACKGROUND

Plaintiff filed this action on May 9, 2011 against his former employer, the South Carolina School for the Deaf and the Blind ("SCSDB"), and two individuals—Cindy Gass

---

[1] It is unclear from the Complaint whether Plaintiff's wrongful termination claim is part of his ADA claim or a separate cause of action; accordingly, in an abundance of caution, the Court will consider a possible state law claim for wrongful termination.

("Gass"), the human resource manager at SCSDB,[2] and Renee Poole ("Poole") from the CID office. [Doc. 1.] Plaintiff alleges he was discriminated against in August 2007 because of his disability when he was moved from his position in the information technology department to a lab assistant in Robinson Hall. [*Id.* at 3, 7.] Further, Plaintiff alleges he was wrongfully terminated on January 8, 2008. [*Id.* at 5.] Plaintiff states he was terminated for surfing the web, misusing state equipment, and being on illegal work sites, even though he had been allowed to do these things in his previous position. [*Id.* at 5, 7.] Plaintiff seeks full reinstatement to his original job with full pay, all benefits, vacations, administrative rights, back pay, and his office and work space; retroactive pay wages; payment of punitive damages for pain and suffering; and to be provided some way to ensure no other individual with disabilities be treated as Plaintiff has been treated. [*Id.* at 8.]

The undersigned initially recommended dismissal of the Complaint for failure to exhaust administrative remedies because the record before the Court at that time indicated Plaintiff had not received a right-to-sue letter from the Equal Employment Opportunity Commission ("EEOC"). [Doc. 19.] However, Plaintiff included a right-to-sue letter with his objections to the Report and Recommendation [Doc. 22-1]; accordingly, the Honorable Timothy M. Cain declined to adopt the Report and Recommendation [Doc. 26]. Thereafter, Defendants filed a motion to dismiss on January 4, 2012. [Doc. 41.] By order of this Court

---

[2]Defendants indicate Gass is no longer the human resource director at SCSDB. [*See* Doc. 41-14 at 1.]

filed January 5, 2012, pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), Plaintiff was advised of the dismissal/summary judgment procedure and the possible consequences if he failed to respond adequately. [Doc. 42.] Plaintiff filed a response in opposition to the motion to dismiss on February 2, 2012 [Doc. 46], and Defendants filed a reply on February 13, 2012 [Doc. 50]. Accordingly, the motion to dismiss is now ripe for review.

## APPLICABLE LAW

**Liberal Construction of Pro Se Complaint**

Plaintiff brought this action pro se, which requires the Court to liberally construe his pleadings. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Haines v. Kerner*, 404 U.S. 519, 520 (1972); *Loe v. Armistead*, 582 F.2d 1291, 1295 (4th Cir. 1978); *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). Pro se pleadings are held to a less stringent standard than those drafted by attorneys. *Haines*, 404 U.S. at 520. Even under this less stringent standard, however, the pro se complaint is still subject to summary dismissal. *Id.* at 520–21. The mandated liberal construction means only that if the court can reasonably read the pleadings to state a valid claim on which the petitioner could prevail, it should do so. *Barnett v. Hargett*, 174 F.3d 1128, 1133 (10th Cir. 1999). A court may not construct the plaintiff's legal arguments for him. *Small v. Endicott*, 998 F.2d 411, 417–18 (7th Cir. 1993). Nor should a court "conjure up questions never squarely presented." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

**Motion to Dismiss Standard**

A motion to dismiss for failure to state a claim should not be granted unless it appears certain that the plaintiff can prove no set of facts that would support his claim and would entitle her to relief. Fed. R. Civ. P. 12(b)(6). When considering a motion to dismiss, the court should "accept as true all well-pleaded allegations and should view the complaint in a light most favorable to the plaintiff." *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993). Further, on a motion pursuant to Rule 12(b)(6), if matters outside the pleadings are presented to and not excluded by the court, the motion is treated as one for summary judgment under Rule 56 of the Federal Rules of Civil Procedure. Fed. R. Civ. P. 12(d).

With respect to well-pleaded allegations, the Supreme Court explained the interplay between Rule 8(a) and Rule 12(b)(6) in *Bell Atlantic Corp. v. Twombly*:

> Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief," in order to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the "grounds" of his "entitle[ment] to relief" requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level . . . .

550 U.S. 544, 555 (2007) (internal citations omitted); *see also Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the

misconduct alleged." (citing *Twombly*, 550 U.S. at 556)); *E. Shore Mkts., Inc. v. J.D. Assocs., Ltd. P'ship*, 213 F.3d 175, 180 (4th Cir. 2000) (noting that court "need not accept as true unwarranted inferences, unreasonable conclusions, or arguments"); 5 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1216, at 235–36 (3d ed. 2004) ("[T]he pleading must contain something more . . . than a bare averment that the pleader wants compensation and is entitled to it or a statement of facts that merely creates a suspicion that the pleader might have a legally cognizable right of action.").

On a motion pursuant to Rule 12(b)(6), if matters outside the pleadings are presented to and not excluded by the court, the motion is treated as one for summary judgment under Rule 56 of the Federal Rules of Civil Procedure. Fed. R. Civ. P. 12(d).

**Summary Judgment Standard**

Rule 56 states, as to a party who has moved for summary judgment:

> The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.

Fed. R. Civ. P. 56(a). A fact is "material" if proof of its existence or non-existence would affect disposition of the case under applicable law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). An issue of material fact is "genuine" if the evidence offered is such that a reasonable jury might return a verdict for the non-movant. *Id.* at 257. When determining whether a genuine issue has been raised, the court must construe all inferences and ambiguities against the movant and in favor of the non-moving party. *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962).

The party seeking summary judgment shoulders the initial burden of demonstrating to the court that there is no genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once the movant has made this threshold demonstration, the non-moving party, to survive the motion for summary judgment, may not rest on the allegations averred in his pleadings. *Id.* at 324. Rather, the non-moving party must demonstrate specific, material facts exist that give rise to a genuine issue. *Id.* Under this standard, the existence of a mere scintilla of evidence in support of the non-movant's position is insufficient to withstand the summary judgment motion. *Anderson,* 477 U.S. at 252. Likewise, conclusory allegations or denials, without more, are insufficient to preclude granting the summary judgment motion. *Ross v. Commc'ns Satellite Corp.*, 759 F.2d 355, 365 (4th Cir.1985), *overruled on other grounds*, 490 U.S. 228 (1989). "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Anderson*, 477 U.S. at 248. Further, Rule 56 provides in pertinent part:

> A party asserting that a fact cannot be or is genuinely disputed must support the assertion by:
>
> (A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or
>
> (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an

6

> adverse party cannot produce admissible evidence to support the fact.

Fed. R. Civ. P. 56(c)(1). Accordingly, when Rule 56(c) has shifted the burden of proof to the non-movant, he must produce existence of a factual dispute on every element essential to his action that he bears the burden of adducing at a trial on the merits.

Because Defendants, in their motion, presented to the Court matters outside the pleadings, which the Court did not exclude, the motion shall be treated as one for summary judgment.[3]

## DISCUSSION

**ADA Claim**

Defendants argue Plaintiff cannot prevail on his ADA claim because he failed to timely file a charge with the EEOC. The Court agrees.[4]

"Before filing suit under [the ADA], a plaintiff must exhaust [his] administrative remedies by bringing a charge with the [EEOC]." *Smith v. First Union Nat'l Bank*, 202 F.3d 234, 247 (4th Cir. 2000) (citing *King v. Seaboard Coast Line R.R. Co.*, 538 F.2d 581, 583 (4th Cir. 1976)) (addressing exhaustion under Title VII, 42 U.S.C. §§ 2000e et seq.); *see* 42 U.S.C. § 12117 (applying the "powers, remedies, and procedures set forth in sections 2000e-4, 2000e-5, 2000e-6, 2000e-8, and 2000e-9 of this title"); 42 U.S.C. § 12203(c) (providing in part that the remedies and procedures under § 12117 are available to

---

[3] In making its recommendation, the Court has relied on the EEOC charge, which Defendants submitted with their motion to dismiss. [Doc. 41-1.]

[4] Because the Court concludes Plaintiff's ADA claim is time barred, the Court declines to address the remaining arguments raised in Defendants' motion.

7

aggrieved persons under this section). Because state law proscribes the alleged employment practice and the charge is initially filed with a state deferral agency, in South Carolina, the charge must be filed within 300 days after an "alleged unlawful employment practice" occurred. 42 U.S.C. § 2000e-5(c), (e); *Jones v. Calvert Group, Ltd.*, 551 F.3d 297, 300 (4th Cir. 2009). "[The timely filing of a charge] is mandatory: a violation not made the subject of a timely charge is 'the legal equivalent of a discriminatory act which occurred before the statute was passed' and is 'merely an unfortunate event in history which has no present legal consequences.'" *Venkatraman v. REI Systems, Inc.*, 417 F.3d 418, 420 (4th Cir. 2005) (quoting *United Air Lines v. Evans*, 431 U.S. 553, 558, (1977)). The failure to file a timely complaint with the EEOC bars the claim in federal court. *See McCullough v. Branch Banking & Trust Co.*, 35 F.3d 127, 131 (4th Cir. 1994) ("When the plaintiff fails to file such a complaint in a timely fashion with the EEOC, the claim is time-barred in federal court."). However, "filing a timely charge of discrimination with the EEOC is not a jurisdictional prerequisite to suit in federal court, but a requirement that, like a statute of limitations, is subject to waiver, estoppel, and equitable tolling." *Zipes v. Trans World Airlines, Inc.*, 455 U.S. 385, 393 (1982).

Plaintiff alleges he was discriminated against when he was moved from his position in the information technology department to a lab assistant in Robinson Hall in August 2007 and when he was terminated on January 11, 2008. [Doc. 1 at 3, 5, 7.] Accordingly, the date any alleged discrimination last took place was January 11, 2008. Therefore, Plaintiff had until November 6, 2008 to file a charge within the 300-day period. However,

8

Plaintiff did not file his charge until March 1, 2011. [Doc. 41-1 at 2.] The EEOC dismissed Plaintiff's charge as untimely on March 23, 2011. [Doc. 22-1.] Accordingly, Plaintiff's ADA claim is time barred.

Plaintiff does not dispute his charge was untimely. However, construing Plaintiff's response liberally, as the Court is required to do, Plaintiff appears to argue equitable tolling should apply because he never received an application from the EEOC. [Doc. 46 at 1.] The Court disagrees.

The Supreme Court has advised that the equitable doctrines of tolling and estoppel are to be applied sparingly in employment cases. *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 113–14 (2002) (citing *Baldwin Cnty. Welcome Center v. Brown*, 466 U.S. 147, 152 (1984)). Generally, to warrant equitable tolling of a statutory deadline, a plaintiff must show: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Pace v. DiGuglielmo*, 544 U.S. 408, 418, (2005) (citation omitted). In the employment context, courts have held equitable tolling applies "where the defendant has wrongfully deceived or misled the plaintiff in order to conceal the existence of a cause of action." *English v. Pabst Brewing Co.*, 828 F.2d 1047, 1049 (4th Cir. 1987) (citations omitted).

Plaintiff cannot meet these requirements. In his response in opposition to the motion to dismiss, Plaintiff contends

> The Greenville SC EEOC offices give you a fifteen day window [a]fter being terminated, to file your charge, preferably in person, [b]ut their application procedure is to call in by phone and voice your complaint and wait a week or less while that

9

> [o]ffice supposedly sends you an application for complaint. I
> [n]ever did receive this application, and human [e]rror is always
> a possibility.

[Doc. 46 at 1.] However, there is no allegation Plaintiff was misled by the EEOC. Additionally, Plaintiff never specifically states he called the EEOC before the expiration of the 300-day period; instead, Plaintiff merely informs the Court that the procedure is to call the EEOC. Even if he did call the EEOC to voice his complaint, he does not contend he followed up with the EEOC, by phone or in writing, and a single phone call does not establish Plaintiff was pursuing his rights diligently or that extraordinary circumstances stood in Plaintiff's way to prevent him from filing a charge for more than three years from the date any alleged discrimination last took place. Accordingly, equitable tolling is not appropriate in this case.

**State Law Wrongful Discharge Claim**

To the extent Plaintiff has alleged a state law cause of action for wrongful discharge, such state law claim could be heard by this Court only through the exercise of supplemental jurisdiction, which allows federal courts to hear and decide state law claims along with federal law claims.[5] Federal courts are permitted to decline supplemental jurisdiction pursuant to 28 U.S.C. § 1367(c)(3), however, if "the district court has dismissed

---

[5] A civil action for Plaintiff's state law claims could be cognizable in this Court under the diversity statute, if that statute's requirements are satisfied. However, this Court does not have diversity jurisdiction in this case because Plaintiff and Defendants are all citizens of the State of South Carolina, which defeats the required complete diversity of parties.

all claims over which it has original jurisdiction." The Court recommends that the district judge decline to exercise supplemental jurisdiction in this case.

## **RECOMMENDATION**

Wherefore, based upon the foregoing, the Court recommends that Defendants' motion for summary judgment be GRANTED as to Plaintiff's federal claims, and the Court decline to exercise supplemental jurisdiction over Plaintiff's state law claims.

IT IS SO RECOMMENDED.

s/Jacquelyn D. Austin  
United States Magistrate Judge

March 14, 2012  
Greenville, South Carolina