IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
SPARTANBURG DIVISION

| | |
|---|---|
| Robert S. Brown, ) | |
| ) | Civil Action No. 7:11-01111-TMC |
| Plaintiff, ) | |
| ) | |
| v. ) | **OPINION and ORDER** |
| ) | |
| South Carolina School for the Deaf and ) | |
| Blind; Ms. Cindy Gass, Human ) | |
| Resource Manager; and Ms. Renee ) | |
| Poole, CID Office, ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

Robert S. Brown ("Plaintiff"), proceeding *pro se*, filed this action against the Defendants alleging a disability discrimination claim pursuant to the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101, *et seq.*, and a state claim for wrongful termination.  Pursuant to the provisions of Title 28, U.S.C. § 636(b)(1)(A), and Local Rule 73.02(B)(2)(g), D.S.C., all pretrial matters in employment discrimination cases are referred to a United States Magistrate Judge for consideration.  On March 14, 2012, Magistrate Judge Jacquelyn D. Austin issued a Report and Recommendation (Dkt. # 51) recommending that the court grant Defendants' Motion for Summary Judgment (Dkt. # 41) and that the court decline to exercise supplemental jurisdiction over Plaintiff's state claims.  The Report and Recommendation sets forth in detail the relevant facts and legal standards on this matter, and the court incorporates the Magistrate Judge's Report and Recommendation herein without a recitation.

The Magistrate Judge makes only a recommendation to this court.  The recommendation has no presumptive weight. The responsibility to make a final

1

determination remains with this court. *See Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objections are made, and the court may accept, reject, or modify, in whole or in part, the Magistrate Judge's recommendation or recommit the matter with instructions. *See* 28 U.S.C. § 636(b)(1).

Plaintiff was advised of his right to file objections to the Report and Recommendation (Dkt. # 51-1). However, Plaintiff filed no objections to the Report and Recommendation.

In the absence of objections to the Magistrate Judge's Report and Recommendation, this court is not required to provide an explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). Rather, "in the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note). Furthermore, failure to file specific written objections to the Report and Recommendation results in a party's waiver of the right to appeal from the judgment of the District Court based upon such recommendation. 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984). *See* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

After a thorough review of the Report and Recommendation and the record in

this case, the court adopts the Magistrate Judge's Report and Recommendation (Dkt. # 51) and incorporates it herein.  It is therefore **ORDERED** that the Defendants' Motion for Summary Judgment (Dkt. # 41) is **GRANTED** as to Plaintiff's federal claims, and the court declines to exercise supplemental jurisdiction over Plaintiff's state claims. Accordingly, Plaintiff's state law claims are **DISMISSED** without prejudice.

    **IT IS SO ORDERED.**

                                        s/Timothy M. Cain
                                        United States District Judge

Greenville, South Carolina
April 9, 2012

## NOTICE OF RIGHT TO APPEAL

    The parties are hereby notified of the right to appeal this Order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.